1

2                          **UNITED STATES DISTRICT COURT**

3                                **DISTRICT OF NEVADA**

4                                      * * *

XINGUANG TECHNOLOGY CO., LTD.,            )
5                                          )
                   Plaintiff,              )
6                                          )         2:08-cv-01492-LDG -VCF
   v.                                      )
7                                          )         **O R D E R**
   HYLOFT INC.,                            )
8                                          )
                   Defendant.              )
9    _____ )

10          Before the court are plaintiff's counsel's  Motions to Withdraw as Attorney for the Plaintiff.

11   (#144 and #145).

12   **Background**

13          On October 29, 2008, this action was transferred from the U.S. District Court for the Northern

14   District of Georgia to this court.  (#75).  The Plaintiff Xinguang Technology Co. Ltd., a Chinese

15   company having its principal place of business in China, brought suit against Defendant Hyloft Inc., a

16   Nevada corporation with its principal place of business in Las Vegas, Nevada. (#75-2).  The Plaintiff

17   alleged breach of contract.  (#75-2).

18          On March 1, 2010, the Defendant filed a voluntary petition for relief pursuant to Chapter 7 of

19   the United States Bankruptcy Code.  (#135).  The Debtor's bankruptcy case is pending before the United

20   States Bankruptcy Court for the District of Nevada.  *Id.*  On March 2, 2010, Defendant filed a

21   suggestion of bankruptcy staying this action.  *Id.*

22          On April 17, 2012, Attorneys for Plaintiff, John Cobb Rochford, Jeffrey T. Goodson, and G.

23   Randall Rostad, filed Motions to Withdraw as Counsel for the Plaintiff pursuant to Local Rule IA 10-6.

24   (#144 and #145).

25   **Motions to Withdraw as Attorney (#144 and #145).**

26          Counsel for the plaintiff John Cobb Rochford, Jeffrey T. Goodson, and G. Randall Rostad, ask

this court for leave to withdraw as attorney.  (#144 and #145).   The motions state that counsel should be permitted to withdraw because (1) continued representation of the client has been rendered "unreasonably difficult" as the attorneys are unable to communicate with the client; (2) no delay of discovery, trial or any hearing will result from the withdrawal; (3) and the withdrawal will not prejudice the Plaintiff's interests in the matter.  *Id.*

**A.      Relevant Law**

Upon commencement of a bankruptcy case, "the automatic stay . . . bars the commencement or continuance of judicial, administrative, or other actions or proceedings against the Debtor that was or could have been commenced before the commencement of the Case . . . ."  11 U.S.C.A. § 362(a)(1). The petition for bankruptcy operates as an automatic stay on all collection activities or suits brought against a debtor.  *See Berg v. Good Samaritan Hosp.*, 230 F.3d 1165, 1167 (9th Cir. 2000).  However, courts have held that the government regulatory exemption in § 362(b)(4) provides that the commencement of a bankruptcy case does not stay "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power."  *Berg,* 230 F.3d at 1167.

Pursuant to Local Rule IA 10-6, "no withdrawal [as attorney] . . . shall be approved if delay of discovery, the trial or any hearing in the case would result."  LR IA 10-6(e). Corporate entities may only appear in federal court through licensed counsel.  *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *U.S. v. High Country Broad. Co., Inc*, 3 F.3d 1244, 1245 (9th Cir. 1993).

**B.      Discussion**

Because of the government regulatory exemption, the automatic stay does not preclude the court from ruling on the pending motions (#144 and #145).  *See Berg,* 230 F.3d at 1167.   As this action is stayed, the court finds that permitting the attorneys to withdraw would not result in a delay of discovery, the trial or any hearing in the action.   *See* LR IA 10-6(e).   Since the court is permitting attorneys Rochford, Goodson, and Rostad to withdraw, the Plaintiff will not be represented by counsel. The

corporate plaintiff must therefore retain alternate counsel before the automatic stay is lifted or have its claims be subject to dismissal.  *See Emp. Painters' Trust v. Ethan Enter., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007).  *See also Rowland,* 506 U.S. at 202.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's counsel John Cobb Rochford's, Jeffrey T. Goodson's, and G. Randall Rostad's Motions to Withdraw as Attorney (#144 and #145) are GRANTED.

DATED this 29th day of May, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**